# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

CONSTANCE M. LINZY,
   Appellant,

  v.

DEPARTMENT OF HOUSING AND
 URBAN DEVELOPMENT,
   Agency.

DOCKET NUMBER
DC-0432-17-0798-I-1

DATE: February 7, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Charles T. Tucker, Jr.</u>, Esquire, Hyattsville, Maryland, for the appellant.

<u>Elan Adounvo</u> and <u>Nicole Y. Drew</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained the agency's 5 U.S.C. chapter 43 performance-based removal action. On petition for review, the appellant argues that the administrative judge erroneously relied on hearsay evidence, unfairly disallowed certain witness testimony, discredited some of her factual arguments, and exhibited bias.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED regarding the appellant's affirmative defense of retaliation for protected equal employment opportunity (EEO) activity, we AFFIRM the initial decision.

The Board has consistently followed the well-settled principle that hearsay evidence is admissible in administrative proceedings. *Jackson v. Department of the Army*, 10 M.S.P.R. 90, 93 (1982) (citing *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77 (1981)). In appeals before the Board, the trier of fact is responsible for weighing the probative value of hearsay evidence under the circumstances of each case. *Borninkhof*, 5 M.S.P.R. at 84. The trier of fact also has broad discretion to regulate the course of the hearing and to exclude evidence and witnesses that have not been shown to be relevant, material, and nonrepetitious. *Thomas v. U.S. Postal Service*, 116 M.S.P.R. 453, ¶ 4 (2011); 5 C.F.R. § 1201.41(b)(8), (10).

We find that the administrative judge did not abuse his discretion in disallowing some of the appellant's proffered witnesses on account of relevance. Initial Appeal File (IAF), Tab 31 at 3-4; *see* 5 C.F.R. § 1201.41(b)(8), (10). We also find that the administrative judge properly weighed the witness

testimony and considered the totality of the evidence in the record, including the appellant's factual arguments. IAF, Tab 34, Initial Decision (ID) at 6-14. We therefore find no reason to disrupt his findings. *See Kramer v. Veterans Administration*, 23 M.S.P.R. 271, 274 (1984) (finding that mere conclusory allegations of factual error are not sufficient to trigger a complete review of the record), *aff'd*, 776 F.2d 1061 (Fed. Cir. 1985) (Table).

We also find the appellant's allegations of bias to be without merit. The Board has consistently held that, in making a claim of bias against an administrative judge, the appellant must overcome the presumption of honesty and integrity that accompanies all administrative adjudicators. *Washington v. Department of the Interior*, 81 M.S.P.R. 101, 103-04 (1999) (citing *In re King*, 1 M.S.P.R. 146, 151 (1979)). This presumption can be overcome only by a substantial showing of personal bias. *Williams v. U.S. Postal Service*, 87 M.S.P.R. 313, ¶ 12 (2000). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions indicate a deep-seated favoritism or antagonism that would render fair judgment impossible. *Simpkins v. Office of Personnel Management*, 113 M.S.P.R. 411, ¶ 5 (2010). The record is devoid of any such evidence of bias.

While the petition for review in this case was pending, the U.S. Court of Appeals for the Federal Circuit issued *Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355, 1363 (Fed. Cir. 2021), in which it held that part of an agency's burden in a chapter 43 appeal is to prove by substantial evidence that the appellant's performance was unsatisfactory in the period leading up to her opportunity to demonstrate acceptable performance. In other words, the agency is required to justify its decision to invoke chapter 43 performance improvement procedures in the first instance. *Id*. at 1362. The Federal Circuit overruled Board precedent to the contrary. *See id*. at 1360. *Santos* applies to all cases pending before the Board, regardless of when the events at issue took place.

*Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 16. We have considered the effect of *Santos* on the instant appeal, and we find that it does not require a different result or any further proceedings. The administrative judge in this case actually adjudicated the issue and correctly found that the agency provided substantial evidence to show that the appellant's performance had been unsatisfactory for several months prior to the opportunity to improve plan. ID at 5, 16-17.

Regarding the appellant's claim of retaliation for EEO activity, the administrative judge adjudicated that as an alleged violation of 42 U.S.C. § 2000e-16 and found that the appellant failed to prove that retaliation was a motivating factor in her removal. ID at 21-23. However, the protected activity at issue—requesting a reasonable accommodation—is protected under the Rehabilitation Act, and not under Title VII. Therefore, the administrative judge should have applied a "but-for" causation standard rather than a motivating factor standard.[2] *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 43-47. Nevertheless, we see no basis to disturb the administrative judge's findings of fact, and because the appellant did not prove that retaliation was a motivating factor in her removal, she necessarily did not prove that it was a "but-for" cause. Therefore, we affirm the administrative judge's finding, as modified, to find that the appellant did not prove that her protected EEO activity was a "but-for" cause of her removal.

---

[2] At the time that the administrative judge issued his initial decision, the Board's case law stated that claims of retaliation under the Rehabilitation Act were subject to the same motivating factor causation standard as claims of retaliation under Title VII. *Southerland v. Department of Defense*, 119 M.S.P.R. 566, ¶ 20 (2013), *overruled by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 47.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.